UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

_____,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>P R O T E C T I V E   O R D E R</u>

Cr. No. <u>19-575 (FB)</u>

        IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.      The discovery material disclosed pursuant to Rule 16 of the Federal Rules of Criminal Procedure to the defendant and the undersigned defense counsel ("defense counsel") by the government in the above-captioned case, which is specifically identified by the government as material necessitating protection and produced pursuant to this Protective Order (the "Protected Discovery Material"), and any and all copies, notes, transcripts, documents and other information derived or prepared from the Protected Discovery Material, may be used by the defendant, defense counsel and defense staff (as that term is defined in paragraph 2) only for purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal or collateral attack involving the charges in the above-captioned case.

2.     With the exceptions noted in paragraphs 4 and 5, any and all Protected Discovery Material disclosed to the defendant and defense counsel by the government, and any copies, notes, transcripts and documents derived or prepared from the Protected Discovery Material, shall not be further disclosed or disseminated by the defendant or defense counsel to, or with, any individuals (including without limitation co-defendants), organizations or other entities, other than to non-lawyer personnel employed by defense counsel and subject to defense counsel's supervision, including but not limited to private investigators, analysts and potential experts ("defense staff"), provided such defense staff have been provided with a copy of this Protective Order and have signed Attachment A to this Protective Order, without further order of the Court.

3.     In addition to the restrictions detailed herein relating to the Protected Discovery Material, any Protected Discovery Material that constitutes evidence, audio recordings, transcripts, affidavits, documents or other information that discloses identifying information of any potential witnesses in the above-captioned case (the "Protected Witness Discovery Material"), and is specifically identified by the government as Protected Witness Discovery Material, and any and all copies, notes, transcripts, documents and other information derived or prepared from the Protected Witness Discovery Material (i) may not be disseminated beyond the defendant, defense counsel and defense staff; (ii) may not be copied by the defendant, defense counsel and defense staff; and (iii) may not be possessed or accessed by the defendant except when reviewing the Protected Witness Discovery Material in the presence of defense counsel or defense staff.

4.      Defense counsel may disclose Protected Discovery Material (but not Protected Witness Discovery Material) to or with a person, other than a co-defendant, being contacted or interviewed by defense counsel or defense staff as a potential witness, provided that such potential witness has been provided with a copy of this Protective Order and has signed Attachment A to this Protective Order, without further order of the Court, upon obtaining the signature on Attachment A of the potential witness (and the potential witness's counsel, if Protected Discovery Material is disclosed to such counsel), for retention in defense counsel's files.   Defense counsel may disclose Protected Discovery Material (but not Protected Witness Discovery Material) to or with a co-defendant pursuant to a joint defense agreement, if the co-defendant and his or her counsel have signed Attachment A to this Protective Order or a standalone order containing the identical protections.   Before disclosing Protected Discovery Material to a witness pursuant to this paragraph, defense counsel must redact information of the type identified in Rule 49.1(a) of the Federal Rules of Criminal Procedure.

5.      Any individual to whom disclosure is authorized pursuant to paragraphs 3 or 4 shall be provided a copy of this Protective Order by defense counsel and shall be advised by defense counsel that he or she may not further disclose any portion of the Protected Discovery Material, or any copies, notes, transcripts or documents derived or prepared from the Protected Discovery Material, except in conformity with this Protective Order.

3

6.      In the event the defendant, defense counsel and/or defense staff wishes to disclose any portion of the Protected Discovery Material or any copies, notes, transcripts or documents derived or prepared from the Protected Discovery Material to or with any individual to whom disclosure is not authorized by paragraphs 3 or 4, or for a purpose not contemplated by paragraphs 3 or 4, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument as to the propriety of such disclosure.

7.      In the event the defendant, defense counsel and/or defense staff wishes to attach any portion of the Protected Discovery Material to public filings made with the Court, defense counsel must provide advance notice to the government and make an application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

8.      Nothing in this Protective Order releases counsel for the government or defense counsel or defense staff from their obligations to comply with the "Free Press-Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

9.      Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

10.     If the defendant obtains additional or substitute counsel beyond those listed in the signature page hereto, the undersigned defense counsel will not transfer any portion of the Protected Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Protected Discovery Material, unless and until such additional or substitute counsel signs Attachment A of this Protective Order, and is provided a copy of the Protective Order.

11.     The defendant and defense counsel will return to the government and/or destroy the Protected Discovery Material and all copies thereof, whether in the possession of the defendant, defense counsel or defense staff, at the conclusion of trial if the defendant is acquitted on all counts, or, in the case of a conviction at trial or by guilty plea, upon completion of sentencing, appeal or collateral attack on the conviction made by the defendant in this case, if any.

12.     Draft transcripts, translations and/or summaries (including, but not limited to, those contained in wiretap line sheets) provided to the defendant by the government, as well as copies, redacted copies and any portions thereof (collectively, "Draft Transcripts"), have neither been finalized nor reviewed for accuracy by the government.

13.     Draft Transcripts may not be furnished to any member of the legal staff of an attorney who has signed this stipulation unless the staff member agrees to be bound by the terms of that Protective Order.

14.     The use of any Draft Transcripts by any defendant is limited to trial preparation for this case, including the preparation of transcripts by the defense.   Draft Transcripts cannot be used in any proceeding by any person, including persons who are not

parties to this case, in any form or for any purpose whatsoever, including use in cross-examination of any witness.

        15.    All Draft Transcripts, whether in the possession of defense counsel, the defendant and/or defense staff, will be returned to the government when final transcripts are provided by the government or when the jury is sworn in this case, whichever occurs first.

        16.    Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material, the Protected Witness Discovery Material and Draft Transcripts, and all copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
      December __, 2019

                                RICHARD P. DONOGHUE
                                United States Attorney
                                Eastern District of New York

                          By:_____
                                Keith D. Edelman
                                Kayla C. Bensing
                                Assistant U.S. Attorneys

_____
_____, Esq.
Attorney for Defendant _____

SO ORDERED.

_____
THE HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Attachment A to Protective Order
Regarding Discovery in 19-CR-575 (FB) (E.D.N.Y.).

| Printed Name | Signature |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |