UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                          :

**UNITED STATES OF AMERICA**,
                                                                          :

                – against –
                                        :    **ORDER**

                                                            :    19-CR-575 (AMD)

**RICHARD MARTINO**, *et al.*,
                                                                          :

                 Defendant.           :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On February 18, 2022, I denied the defendant's request for relief pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (Feb. 18, 2022 Order.) The defendant now moves for reconsideration of that order. (ECF No. 443.) For the reasons discussed below, the defendant's motion for reconsideration of my February 18, 2022 order is denied.

## BACKGROUND

On January 13, 2021, the defendant Richard Martino pled guilty before the Honorable Roanne L. Mann to count four of a 26-count indictment, charging the defendant with conspiring to obstruct justice in violation 18 U.S.C. §§ 1512(c)(2), 1512(k). (ECF Nos. 235, 272, 372-21.) Specifically, the defendant admitted that by concealing his financial assets from the U.S. Probation Department, he obstructed the collection of a remaining amount on a forfeiture judgment ordered by the Honorable Carol Bagley Amon in a prior criminal case, *United States v. Locasio, et al.*, No. 03-CR-304 (E.D.N.Y.).[1] (ECF No. 272 at 42-43; ECF No. 372-21.)

---

[1] Familiarity with the facts underlying the defendant's prior criminal case and this one is assumed. In addition, the Court assumes the parties' familiarity with the $9.1 million forfeiture judgment that Judge Amon ordered in the defendant's prior criminal case, and the history and circumstances that led a portion of that judgment to remain outstanding. That information is detailed at length in the parties' thorough submissions, and will not be repeated here. (*See* ECF Nos. 372, 373, 389, 399, 403, 425, 433, 443, 447 and 448.)

On November 4, 2021, the defendant moved for relief under *Brady v. Maryland*, 373 U.S. 83 (1963), Federal Rule of Criminal Procedure 5(f) and 18 U.S.C. § 3661. (ECF Nos. 372, 373.) The defendant claims that he paid the forfeiture money judgment that Judge Amon ordered in connection with his prior conviction, that he believed he did not owe any more, and that his belief was "correct" because there was not a remaining forfeiture balance of $339,646.28. (ECF No. 373 at 10-14.) Although the defendant pled guilty to obstructing the collection of the remainder of the judgment,[2] he argues that the question of whether he owes any money is "a material issue with respect to sentencing." (*Id.* at 18.) He argues that *Brady* entitles him to "information in the Government's files which will confirm the defense position that the money was not owed by Mr. Martino[.]" (*Id.* at 14.)[3] According to the defendant, this information "will further ameliorate [his] punishment for having obstructed a foreseeable judicial proceeding[.]" (*Id.*)

On January 3, 2022, the government responded, arguing that the material the defendant seeks is not *Brady* material, that the defendant's sentencing proceeding is not an appropriate forum to relitigate what he owes on a forfeiture judgment from a different case and that, in any event, the outstanding forfeiture judgment is valid. (ECF No. 389.) The defendant filed a reply on January 10, 2022. (ECF No. 399.) On February 14, 2022, the defendant submitted another letter, informing the Court that "the Government and defense counsel remain divided over the

---

[2] The government submits that the defendant made a payment of $900 in September of 2020, and the current outstanding balance due on the forfeiture judgment is $323,943.02. (ECF No. 389 at 4.) This is the same amount identified in the parties' plea agreement. (ECF No. 372-21 ¶ 6.)

[3] In his application, the defendant sought "all information within [the government's] possession, custody or control, which tends to support Mr. Martino's position that the judgment of forfeiture in 03 Cr. 304 (CBA) was satisfied and remained so, despite the Government's return of funds to Chase bank." (ECF No. 373 at 7-8.) This includes a request for internal Excel spreadsheets, government communications relating to the forfeiture judgment ordered by Judge Amon and an affidavit or testimony from the Assistant United States Attorney ("AUSA"), Claire Kedeshian, who was then assigned to the forfeiture aspect of the defendant's conviction. (*Id.*)

material issue of whether the Government properly sought additional forfeiture funds from Mr. Martino." (ECF No. 425.) I initially directed the parties to appear for a hearing to discuss the defendant's motion, but canceled the proceeding after an additional review of the parties' multiple submissions. I found the defendant's *Brady* application meritless, particularly "since the defendant already conceded that [the forfeiture money judgment] was valid, agreed to waive any claims challenging its validity and made no challenge to it in front of Judge Amon, who ordered it." (Feb. 18, 2022 Order.) I did not preclude the defendant from arguing at sentencing about the relevance of the prior forfeiture judgment to his sentence. (*Id.*)

The defendant seeks reconsideration of my decision to deny his application without a hearing, theorizing that I was somehow misled by the government's February 17, 2022 letter, which the defendant says misrepresented the terms of the plea agreement. (ECF Nos. 443-1, 448.) The government opposes. (ECF No. 447.)

## LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not provide for reconsideration motions, "such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d), which requires a movant to submit a 'memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked' within 'fourteen (14) days after the Court's determination of the original motion.'" *United States v. Baldeo*, No. 13-CR-125, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015), *aff'd*, 615 F. App'x 26 (2d Cir. 2015).

Courts generally supplement Local Criminal Rule 49.1(d) with the standard for civil reconsideration motions under Local Civil Rule 6.3. *Id.* (citing *United States v. Leaver*, 358 F. Supp. 2d 273, 277 n.14 (S.D.N.Y.2005)); *see also United States v. Robinson*, No. 16-CR-545, 2018 WL 5928120, at *19 (E.D.N.Y. Nov. 13, 2018); *United States v. James*, No. 02-CR-0778,

2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007) ("[W]hen deciding motions for reconsideration in criminal matters, courts in this district have resolved such motions according to the same principles that apply in the civil context.") (internal quotations and alterations omitted). Local Civil Rule 6.3 requires the moving party to identify "the matters or controlling decisions which counsel believes the Court has overlooked." A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012). Rather, "[t]he standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Robinson*, 2018 WL 5928120, at *19 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

## DISCUSSION

The defendant's motion does not meet this strict standard. The defendant has not presented any new facts or controlling law that I overlooked in my earlier ruling. Instead, he argues that the government's February 17 letter misrepresented the terms of the plea agreement, "propel[ing] the Court into its decision to deny the motion before hearing the parties." (ECF No. 443-1 at 4-9.) According to the defendant, the "Outstanding Forfeiture Money Judgment" is distinct from the "MARTINO Forfeiture Money Judgment" that Judge Amon ordered; the defendant highlights the following portion of the plea agreement in support of this point:

> The defendant acknowledges that the Office contends that the defendant presently owes approximately Three Hundred Twenty Three Thousand Nine Hundred and Forty Three Dollars and Two Cents ($323,943.02) (the "Outstanding Forfeiture Money Judgment") stemming from the criminal forfeiture money judgment entered in United States v.

>  Richard Martino, et al., 03-CR-304 (CBA) (E.D.N.Y.) (the "MARTINO Forfeiture Money Judgment").  In consideration for the other terms set forth in this agreement, the defendant agrees to waive any claim he may have challenging the validity of the MARTINO Forfeiture Money Judgment and agrees to pay the Outstanding Forfeiture Money Judgment as set forth below.

(ECF No. 443-1 at 5 (quoting ECF No. 372-21 ¶ 6).)  Repeating an argument that he has made in multiple submissions, the defendant claims that he paid the "MARTINO Forfeiture Money Judgment," and that the "Outstanding Forfeiture Money Judgment" of $323,943.02 is "fake" and does not exist.  (ECF No. 443-1 at 4-6; see ECF No. 373 at 21 ("There was no 'Outstanding Forfeiture Money Judgment' at all[.]"); ECF No. 399 at 7 (arguing that the outstanding forfeiture judgment is a "fiction").)  He further argues that the plea agreement obligates him only to waive any challenge to the "MARTINO Forfeiture Money Judgment," but that he did not waive any challenge as to the "Outstanding Forfeiture Money Judgment."  (ECF No. 443-1 at 4-6.)

The defendant's interpretation of the plea agreement is inconsistent with the agreement's plain language, which clearly defines the "Outstanding Forfeiture Money Judgment" as the part of the "MARTINO Forfeiture Money Judgment" that the government contends is remaining.  (ECF No. 372-21 ¶ 6.)  The two do not appear to be distinct, contrary to the defendant's strained interpretation.  As I already stated in my order dated February 18, 2022, the defendant agreed to waive any challenge to the prior forfeiture judgment, which includes the outstanding balance.  As the plea agreement shows, he also agreed to pay the outstanding forfeiture judgement of $323,943.02 (id. ¶¶ 6-13), including an amount of $100,000 on or before the date of his sentence.  (Id. ¶ 7.)[4]

---

[4] During the January 13, 2021 plea hearing before Judge Mann, the defendant understood that a consequence of his guilty plea in this case was "criminal forfeiture in an amount in excess of $323,943.00, as set forth more specifically in paragraphs 6 through 12 of [his] plea agreement with the Government."  (ECF No. 272 at 29.)  Defense counsel acknowledged that "the outstanding forfeiture . . . was the subject of the obstruction count to which he's pleading guilty. . . . [I]t is our understanding that it is one in the same forfeiture."  (Id. at 29-30.)  The government agreed that there is one judgment to be

The plea agreement was attached to the defendant's initial *Brady* motion (ECF No. 372-21), and I considered it when I rejected the defendant's application the first time. The defendant has not presented any new facts, authority or arguments that would lead me to change my ruling. He otherwise repeats the argument—which he has already made over and over—that the outstanding forfeiture judgment does not exist. These are not sufficient reasons to reconsider my decision. *See Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) ("Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion."); *Nielsen v. N.Y.C. Dep't of Educ.*, No. 04-CV-2182, 2007 WL 2743678, at *1 (E.D.N.Y. Sept. 18, 2007) (noting that the standard for reconsideration is strict "to dissuade repetitive arguments on issues that have already been considered" (quoting *Lykes Pasco v. Ahava Dairy Prods. Corp.*, No. 97-CV-652, 1998 WL 427570, at *3 (E.D.N.Y. Jan. 26, 1998))).

Even if the defendant were able to identify facts or arguments that justified reconsideration, his request for *Brady* material fails on the merits. Under *Brady v. Maryland* and its progeny, the government has a continuing due process obligation to disclose "evidence that is both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667 (1985) (quoting *Brady*, 373 U.S. at 87); *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001). To establish a *Brady* violation, a defendant "must show that: (1) the government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *United States v. Kirk Tang Yuk*, 885 F.3d 57, 86 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Coppa*, 267 F.3d at 140). "Evidence is favorable if it is either exculpatory or impeaching, and it is material if there is a reasonable probability that, had the evidence been

---

paid, and added that "the procedure for paying that judgment is set forth in his current plea agreement." (*Id.* at 30.)

disclosed to the defense, the result of the proceeding would have been different." *United States v. Rowland*, 826 F.3d 100, 111 (2d Cir. 2016) (quoting *United States v. Mahaffy*, 693 F.3d 113, 127 (2d Cir. 2012)).

The defendant does not establish a basis for relief under *Brady*. His argument seems to be that he would be less culpable of the obstructive conduct if he were correct that there is no outstanding forfeiture judgment. (ECF No. 373 at 15-16 ("There is surely a difference in culpability and the consequent need to punish, between someone whose obstructive conduct arises from the erroneous belief that he owes no money to the Government and one who is decidedly correct in that belief.").) But the defendant's belief about whether he owed money on an outstanding forfeiture judgment was not an element of the crime to which he pled; rather, the crime was the defendant's corrupt intent in obstructing a government proceeding that "was reasonably foreseeable" to him. *See* 18 U.S.C. § 1512(c)(2) ("Whoever corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so" is liable under the statute); *United States v. Pugh*, 945 F.3d 9, 21, 22 (2d Cir. 2019) (finding that a violation under 18 U.S.C. § 1512(c)(2) requires establishing that an official proceeding was "reasonably foreseeable to the defendant;" the proceeding need not be pending at the time of the offense).

In his plea before Judge Mann on January 13, 2021, the defendant admitted that an official proceeding was "reasonably foreseeable" to him if he "failed to make the payments" toward "what [the government] characterized as the outstanding portion of the forfeiture money judgment." (ECF No. 272 at 43-44.) He also admitted that he conspired to conceal his financial assets "with the intent that the Government would not initiate official proceedings and collect the forfeiture it claimed [he] owed[.]" (*Id.* at 44.) The defendant has already acknowledged his guilt in obstructing the collection of what the government contends is the outstanding amount of the

forfeiture judgment; thus, information about whether he actually owes that remaining portion is not exculpatory.  Accordingly, the information the defendant seeks does not constitute *Brady* material.

Moreover, even if the material could be viewed as exculpatory—and it is not—evidence is not "suppressed" for purposes of *Brady* if the defendant "'either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence.'" *United States v. Barcelo*, 628 F. App'x 36, 39 (2d. Cir. 2015) (summary order) (quoting *DiSimone v. Phillips*, 461 F.3d 181, 197 (2d Cir. 2006)); *accord United States v. LeRoy*, 687 F.2d 610, 619 (2d Cir. 1982).  On March 12, 2020, the government disclosed materials to the defendant, including the letter from September 7, 2006 in which Ms. Kedeshian—the AUSA overseeing the defendant's forfeiture at the time—represented that the defendant paid the judgment in full. (ECF No. 389 at 7; ECF No. 372-15.)  The defendant also attaches to his *Brady* motion AUSA Kedeshian's August 8, 2006 letter, in which she informed defense counsel that the defendant owed only $23,986.66 on the forfeiture judgment.  (ECF No. 372-13.)

The government maintains that these letters were inaccurate because they did not account for the full portion of the forfeiture judgment that remained outstanding.  (ECF No. 389 at 3-4.) The defendant, on the other hand, claims that these "'inaccuracies' . . . were not inaccuracies at all." (ECF No. 399 at 6.)  As the government points out, AUSA Kedeshian's letters form the basis for the defendant's *Brady* application; he cites them throughout his many submissions as confirmation of his belief that he paid the forfeiture judgment in full.  (ECF No. 373 at 2, 9-10, 12, 15, 17 n.12; ECF No. 399 at 3-6.)  Because the defendant already knows the "essential facts" that would permit him to make any mitigating arguments at sentencing about the outstanding forfeiture judgment that he challenges, he is not entitled to any relief under *Brady*.  As I

previously held, "[t]o the extent that the defendant wishes to make arguments on the relevance of that separate judgment, he is free to do so at the sentencing proceeding." (Feb. 18, 2022 Order.)

## CONCLUSION

For these reasons, the defendant's motion for reconsideration is denied.

**SO ORDERED.**

                                                                             s/ Ann M. Donnelly
                                                                             ANN M. DONNELLY
                                                                             United States District Judge

Dated: Brooklyn, New York
           March 5, 2022